Matter of Murray v South Glens Falls Sch. Dist. (2018 NY Slip Op 07811)





Matter of Murray v South Glens Falls Sch. Dist.


2018 NY Slip Op 07811


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

526052

[*1]In the Matter of BONNIE J. MURRAY, Claimant,
v
SOUTH GLENS FALLS SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Walsh and Hacker, Albany (Matthew C. Kidd of counsel), for appellants.
Barbara D. Underwood, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of a panel of the Workers' Compensation Board, filed March 15, 2017, which ruled that claimant was never classified as having a permanent partial disability.
Claimant applied for workers' compensation benefits after sustaining work-related injuries in December 2007, and her case was established for injuries to her lower back and right trapezius. Thereafter, proceedings were conducted before a Workers' Compensation Law Judge (hereinafter WCLJ), D. Jeffrey Romeo, to address the degree of claimant's disability subsequent to April 12, 2010. By decision dated June 30, 2010, WCLJ Romeo ruled that claimant had a 50% disability and loss of wage-earning capacity and granted awards from April 12, 2010 to June 28, 2010 at the temporary partial disability rate of $169.94. This decision was upheld by a panel of the Workers' Compensation Board.
WCLJ Romeo conducted further proceedings in 2012 to ascertain whether awards needed to be updated. He issued an August 27, 2012 decision that granted awards from June 28, 2010 to March 5, 2012 at the $169.94 permanent partial disability rate, held awards for the period March 5, 2012 to April 5, 2012 in abeyance and granted awards from April 5, 2012 to August 22, 2012 at the $169.94 permanent partial disability rate, with no further action planned.
On December 5, 2012, WCLJ Romeo's June 30, 2010 decision was amended to note that claimant was classified as having a permanent partial disability under Workers' Compensation Law § 15 (3) (w), with an impairment of 50% and a loss of wage-earning capacity of 50%, entitling her to continuing payments of $169.94 per week. The WCLJ specifically stated [*2]that the "[d]ecision [was] amended to include the permanent partial disability language; for record purposes only."
On July 26, 2016, proceedings were conducted before WCLJ Jonathan Frost to resolve confusion stemming from WCLJ Romeo's June 30, 2010 decision and the December 5, 2012 amended decision as to whether WCLJ Romeo had classified claimant as having a permanent partial disability. After receiving input from WCLJ Romeo, WCLJ Frost issued an amended decision finding that claimant had not been classified. The self-insured municipal employer and its workers' compensation administrator (hereinafter collectively referred to as the employer) sought review of this decision by the Board. The Board upheld WCLJ Frost's amended decision, and this appeal by the employer ensued.
The employer initially contends that claimant was classified with a permanent partial disability by WCLJ Romeo's June 30, 2010 decision and, therefore, the cap on indemnity payments made to claimant for loss of wage-earning capacity expired on March 30, 2016. We find the employer's argument to be unpersuasive. By its terms, the June 30, 2010 decision addressed only the issue of the degree of claimant's disability, without making any findings with respect to permanency, and granted awards at the temporary partial disability rate. Although the August 27, 2012 decision granted additional awards at the permanent partial disability rate, this was error as WCLJ Romeo subsequently indicated to WCLJ Frost that no classification was made at the time that he rendered his June 30, 2010 decision. Furthermore, while the December 5, 2012 amended decision indicated that the June 30, 2010 decision was to include "permanent partial disability language; for record purposes only," this did not provide clarification and, in the absence of medical evidence establishing that claimant had reached maximum medical improvement and was permanently disabled, did not transform the June 30, 2010 decision into one classifying claimant with a permanent partial disability. To the extent that the December 5, 2012 amended decision may be interpreted as imposing such classification, we reject the employer's suggestion that the Board was constrained to accept it under the doctrines of res judicata and/or law of the case (see Workers' Compensation Law § 123; Matter of Bennet v Putnam N. Westchester BOCES, 123 AD3d 1397, 1398 [2014]).
Alternatively, the employer asserts that claimant's counsel conceded that claimant was classified with a permanent partial disability by WCLJ Romeo on August 22, 2012. The transcripts of the August 22, 2012 hearing before WCLJ Romeo and the July 26, 2016 hearing before WCLJ Frost reveal, however, that there was considerable confusion concerning the awards to be made to claimant. To the extent that claimant's counsel was under the mistaken impression that the awards were based upon a permanent partial disability classification that was made by WCLJ Romeo at the August 22, 2012 hearing, the Board was not bound by that misunderstanding. Upon reviewing the record, substantial evidence supports the Board's conclusion that claimant was never classified with a permanent partial disability and we find no reason to disturb its decision.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.